IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CYRUS YAVARI,            CASE NO. 2:07-cv-480
                                       JUDGE FROST
      Petitioner,              MAGISTRATE JUDGE ABEL

v.

J. WOLFE, WARDEN,

      Respondent.

**ORDER and**
**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. This action involves petitioner's September 29, 2004, guilty plea in the Franklin County Court of Common Pleas to attempted felonious assault with a firearm specification and improperly discharging a firearm into a habitation. The trial court sentenced petitioner to six years incarceration. Petitioner did not timely appeal. In 2006, petitioner filed a petition for post conviction relief, which action apparently is still pending in the state trial court. He also pursued a motion for delayed appeal, which was denied by the Ohio Tenth District Court of Appeals. The Ohio Supreme Court dismissed petitioner's subsequent appeal. Petitioner asserts in these habeas corpus proceedings that he was unconstitutionally sentenced, denied the effective assistance of counsel, the right to appeal, and that he is actually innocent.

For the reasons that follow, the Magistrate Judge concludes that this action is barred

by the one-year statute of limitations under 28 U.S.C. §2244(d), and therefore **RECOMMENDS** that this action be **DISMISSED** as time-barred.

Petitioner's petition for a writ of mandamus Doc. No. 8, which seeks a ruling on his habeas corpus petition is **DENIED** as moot. Petitioner's request for an evidentiary hearing also is **DENIED.**

## FACTS and PROCEDURAL HISTORY

Petitioner was indicted by the January 2003 term of the Franklin County grand jury on one count of felonious assault, in violation of O.R.C. §2903.11, and one count of improperly discharging a firearm at or into a habitation or school, in violation of O.R.C. §2923.161, with specifications. *Exhibit 1 to Return of Writ*. On September 29, 2004, while represented by counsel, petitioner pleaded guilty to attempted felonious assault with a firearm specification and improperly discharging a firearm into a habitation. *Exhibit 3 to Return of Writ*. On November 18, 2004, the trial court sentenced him to an aggregate term of six years incarceration. *Exhibit 4 to Return of Writ*. Petitioner did not timely appeal. Almost two years later, on October 27, 2006, he filed a *pro se* petition for post conviction relief with the state trial court. His claims are summarized as follows:

> 1. New evidence of actual innocence.
>
> 2. Sentence is contrary to law.
>
> 3. Ineffective assistance of counsel for failing to file appeal, raise actual innocence, file motion for mistrial, or request for re-sentencing.

*Exhibit 6 to Return of Writ*. Apparently, the trial court has never issued a ruling on

petitioner's post conviction petition. *See Return of Writ,* at 2.

Additionally, on November 13, 2006, petitioner filed a *pro se* motion for delayed appeal in the Ohio Court of Appeals. On January 23, 2007, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 12 to Return of Writ.* Petitioner filed a timely appeal to the Ohio Supreme Court; however, on May 2, 2007, the Ohio Supreme Court dismissed his appeal. *Exhibit 16 to Return of Writ.*

On May 24, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Sentence is contrary to law, Constitution and the mandates of the higher courts.
>
> This sentence is contrary to law due to the *Blakely, Foster* and *Comer* decision as well as [in] light of the evidence & facts of the prosecution.
>
> 2. Ineffective counsel.
>
> Failure to investigate the case and permit witness alibi and evidence in support and failure to file an appeal in his office [sic] capacity and for failure to argue the sentence and other reversible error and failed to present evidence as to warrant a[n] actual claim of innocence.
>
> 3. The app[ellate] court Rule 5(A) is unconstitutional which denied me my right to appeal.
>
> The statute is unconstitutional and unethical due to the several abuses of the lower courts discretion of what is reasonable or not reasonable which denied inmates to rights, mainly to appeal which constitutes a miscarriage of justice.

3

>    4. Claim of innocence.
>
>    The facts to & in this case did not establish guilt and the evidence at hand and denied from submission would show an actual claim of innocence.

It is the position of the respondent that this action is barred by the one-year statute of limitations under 28 U.S.C. §2244(d) and that petitioner's claims are procedurally defaulted, waived in view of his guilty plea, not cognizable in federal habeas corpus review, or without merit.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of 28 U.S.C. §2244(d)(1)(A), petitioner's conviction became final on December 18, 2004, thirty days after the trial court's November 18, 2004, judgment entry of sentence, when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6 Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6 Cir.2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on December 18, 2005. Petitioner waited until May 24, 2007, to file this habeas corpus petition.[1] Further, neither petitioner's October 27, 2006, post conviction petition, nor his November 13, 2006, motion for delayed appeal tolled the running of the statute of limitations, since the statute of limitations had already long since expired prior to the time petitioner pursued such actions. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6 Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that

---

[1] He signed the petition on May 15, 2004.

5

would justify equitable tolling of the statute of limitations for the time period at issue here. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

However, petitioner alleges that he did not know about his right to appeal, and that his attorney told him he would file an appeal, but died before doing so. In *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that an otherwise untimely federal habeas corpus petition may be timely when a defendant is not advised of his right to appeal. In such a scenario, under 28 U.S.C. §2244(d)(1)(D), the statute of limitations does not begin to run on a claim that the state appellate court improperly denied a motion for delayed appeal until the date on which the state appellate court denied the motion for delayed appeal. *Id.*, at 469. Additionally, claims that relate to events that occurred at the time of sentencing may be timely under 28 U.S.C. §2244(d)(1)(D), if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence. *Wims,* 225 F.3d at 190.
>
> ***
>
> ... [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence

6

> conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]. *Wims,* 225 F.3d at 190-91 (citing *Easterwood v. Champion,* 213 F.3d 1321, 1323 (10th Cir.2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.*, at 470-471. "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D). *Id.,* at 471, citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir.2001).

The record reflects that the state appellate court denied petitioner's motion for delayed appeal as follows:

> Defendant seeks leave to appeal from a judgment entry of conviction and sentence entered by the Franklin County Court of Common Pleas on November 18, 2004. [I]n that judgment entry, the trial court accepted defendant's plea of guilty to attempted felonious assault with specification, in violation of R.C. 2923.02 as it relates to R.C. 2903.11, and improper discharging of a firearm into a habitation without specification, in violation of R.C. 2923.161. The trial court sentenced defendant to three years in prison for the attempted felonious assault offense and three years in prison for the improper discharging of a firearm into a habitation offense, to run concurrently, with an additional three consecutive years of prison for the gun specification attached to the attempted felonious assault offense. Therefore, defendant was sentenced to a total of six years in prison. Defendant failed to perfect a timely appeal as of right. Almost two years after the trial court entered judgment, defendant now seeks leave to appeal.
>
> In support of his motion for leave to file a delayed appeal, defendant asserts, in an affidavit, that his counsel informed him that he would file an appeal after trial. According to defendant, his counsel died "shortly after the verdict in [his] case," but before his counsel was able to file an appeal for him.

7

> Defendant asserts that, after his counsel died, his family "had no money to obtain another [lawyer] nor the proper papers to help file an appeal." Defendant further states that, after the expiration of the time for filing an appeal as of right, he told his family not to save money for another lawyer because he remembered the trial court judge informing him that he had no right to appeal. According to defendant, his family recently contacted the office of the Ohio Public Defender and was informed that, even though he pled guilty, he had a right to appeal and that he could seek leave to appeal if he met the requirements of the applicable rule.
>
> ... [D]efendant's counsel's death certainly explains why his counsel did not file an appeal for defendant. However, defendant acknowledges that his counsel died before the 30 day period had expired for him to file an appeal as of right. In that regard, defendant argues that his family had insufficient money to hire another lawyer or to acquire the "proper papers" for filing an appeal.
>
> ***
>
> In this case, defendant filed his motion for leave nearly two years after the trial court entered judgment. A defendant's ability to obtain leave to appeal after the expiration of the 30 day period provided by App.R. 4(A) is not unlimited, as the defendant still must demonstrate a reasonable explanation for his delay in seeking an appeal.... Defendant's assertions demonstrate that he did not take any action to pursue an appeal after his counsel died (apparently in late 2004), until his family recently contacted the Ohio Public Defender's Office, which would have been a period of approximately one and one-half years. The reason provided by defendant for that significant delay is that the trial court informed him that he had no right to appeal.
>
> However, defendant's allegation that the trial court told him that he had no right to appeal is not otherwise supported by the documents before this court. In support of his assertion that the trial court informed him that he had no right to appeal, defendant has attached a copy of the portion of the transcript

8

>of the proceedings in the trial court. The submitted portion of the transcript reveals that the trial court informed defendant of the various rights that he was waiving by pleading guilty, including his right to appeal "any adverse verdict." By informing him that he was waiving his right to appeal any adverse verdict by pleading guilty, the trial court was not informing him that he had no right to appeal. Because defendant pled guilty, no jury rendered a verdict as to his guilt, and therefore, there was no jury verdict from which he could appeal. The trial court accepted defendant's plea of guilty and sentenced him to prison. In that regard, defendant signed an entry of guilty plea, which indicated his understand that he could appeal his plea and sentence.
>
>Based on the foregoing, we conclude that defendant has not sufficiently explained his delay in seeking an appeal.

*Exhibit 12 to Return of Writ.*[2]  These factual findings are presumed to be correct.

>In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(e)(1). For the reasons discussed by the state appellate court, this Court likewise concludes that petitioner's allegation that he did not know he had the right to appeal is not worthy of credit. Additionally, nothing in the record indicates that petitioner made any effort, prior to the time that his parents contacted the public defender, to pursue the appeal after he learned that his attorney had died without filing the appeal. Further, this Court construes *DiCenzi v. Rose, supra*, in conjunction with *Johnson v. United States*, 544

---

[2] The trial court stated: "Had a jury verdict run against you ultimately you will be giving up your right to appeal any adverse verdict." *Transcript, Guilty Plea,* at 8, *Exhibit 18 to Return of Writ.*

9

U.S. 295 (2005), which requires consideration of a petitioner's failure to exercise diligence in filing his motion for delayed appeal.

In *Johnson v. United States*, 544 U.S. 295 (2005), petitioner challenged his federal conviction as a career offender on the basis that a predicate state court conviction had been vacated. The Supreme Court held that the statute of limitations[3] on such a claim does not begin to run until the date that the petitioner learns of the state court vacatur of conviction, provided that the petitioner acted diligently in obtaining the state court order vacating the conviction. *Id.*, at 310. In that case, *Johnson* waited more than three years after the federal sentence had been imposed before attacking his conviction in state court by filing a state habeas corpus petition. *Id.*, at 311. The sole explanation offered for his delay was his *pro se* status and lack of legal sophistication. The Supreme Court rejected this explanation as follows:

---

[3] The Court in *Johnson v. United States* considered 28 U.S.C. § 2255 ¶ 6, which is similar to 28 U.S.C. §2244(d)(1) and which provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-(1) the date on which the judgment of conviction becomes final;(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

> [W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness, and on this record we think Johnson fell far short of reasonable diligence in challenging the state conviction. Since there is every reason to believe that prompt action would have produced a state vacatur order well over a year before he filed his [federal] petition, the [petition was untimely].

*Id.*, at 311.

In *Monroe v. Jeffries,* 2007 WL 1814940 (S.D. Ohio, June 21, 2007), a judge of this Court likewise concluded that *Johnson* applies to a habeas corpus challenge under 28 U.S.C. § 2254 to a state court conviction where, as here, the petitioner alleges that the state appellate court improperly denied his motion for delayed appeal. Judge Frost reasoned as follows:

> Just as the petitioner's claim in *Johnson* did not arise until the state court vacated his prior conviction, Monroe's claim that he was denied the right to appeal his sentence did not arise until after the Ohio Court of Appeals denied his motion for leave to appeal. Similarly, both a delay in moving to set aside a state conviction on which a career offender determination rests and a delay in filing a motion for leave to appeal undermine the purpose of the AEDPA to eliminate delay and bring finality to criminal convictions. Johnson, 544 U.S. at 307-08.
>
> *DiCenzi,* which was decided after *Johnson*, did not cite *Johnson* or consider the impact of a delay in filing a motion for delayed appeal. The reason that the *DiCenzi* court did not refer to *Johnson* in deciding when the statute of limitations began to run appears to be because it found as a fact that the petitioner DiCenzi filed his motion for delayed appeal promptly after first learning that he had a right to appeal:
>
>> On May 27, 1999, ... [DiCenzi] was sentenced to five years imprisonment on the vehicular homicide count and eighteen months on the

11

> vehicular assault count, to be served consecutively. This constituted the maximum possible sentence for these convictions, and thus under Ohio law the sentencing judge was required to make certain specific factual findings and inform DiCenzi of his right to appeal his sentence despite his guilty plea. Ohio Rev.Code §§ 2953 .08(A)(1)(b) ; 2953.08(A)(4). At sentencing, however, the trial judge did not inform DiCenzi of his right to appeal his sentence.
>
> *4 ... [I]n August 2001, DiCenzi contacted the Cuyahoga County Public Defenders' office ("Public Defender"), who informed him of his right to appeal his sentence. As a result, DiCenzi immediately filed a motion for leave to file a delayed appeal of his sentence on August 23, 2001.
>
> 452 F.3d at 466-67.

*Monroe v. Jeffries*, 2007 WL 1814940, *3. If the petitioner failed to act with reasonable diligence, Judge Frost reasoned, even *DiCenzi* would not render the petition timely. *See also Korbel v. Jeffries*, 2008 WL 269626 (S.D. Ohio January 29, 2008)(same); *Ward v. Timmerman-Cooper*, 2008 WL 214411 (S.D. Ohio January 23, 2008)(same).

Applying the due diligence requirement of *Johnson* to the facts of this case, petitioner's claims are time-barred. "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *DiCenzi v. Rose, supra*, 452 F.3d at 471, citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir.2001).

12

In addition, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See Dunlap v. United States*, 250 F.3d 1001, 1006 (6th Cir.2001). Thus, neither *DiCenzi v. Rose, supra*, nor 28 U.S.C. § 2244(d)(1)(D) apply so as to render this action timely.

Petitioner also contends that this action is timely under 28 U.S.C. § 2244(d)(1)(B) because his attorney failed to timely file the appeal despite being requested to do so. *See Traverse.*

> The limitations provision set forth in 28 U.S.C. § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating his counsel on appeal was ineffective in perfecting or pursuing an appeal and such ineffectiveness actually prevented petitioner from filing a timely habeas petition. *See, e.g., Waldron v. Jackson,* 348 F.Supp.2d 877, 882-86 (N.D.Ohio 2004); *cf. Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (not published in Federal Reporter), *cert. denied,* 540 U.S. 969, 124 S.Ct. 435, 157 L.Ed.2d 316 (2003); *Dean v. Pitcher,* No. Civ. 02-71203-DT, 2002 WL 31875460, at *3 (E.D.Mich.Nov.7, 2002) (unpublished); *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL 1585903, at *2 (N.D.Tex. July 13, 2004) (unpublished *Report & Recommendation*), *adopted,* 2004 WL 1944030 (N.D.Tex.Aug.31, 2004); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862, at *3 (N.D.Tex.Aug.13, 2003) (unpublished Report & Recommendation). *But cf. Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D.Mass.2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)).

*See Jackson v. Sheets,* 2006 WL 3759700 (S.D.Ohio August 8, 2006), citing *Johnson v. United States*, 544 U.S. 295 (2005)(distinguishing *DiCenzi v. Rose, supra,* from the scenario presented herein, *i.e.* where the defendant signed a guilty plea acknowledging he knew about his right to appeal and the time period for doing so); *Hale v. Warden, London Correctional*

13

*Institution,* 2006 WL 3230856 (S.D.Ohio November 6, 2006) (same). As discussed, *supra,* the Ohio Tenth District Court of Appeals explicitly denied petitioner's motion for delayed appeal because he failed to take any action to pursue his appeal for approximately one and one half years. *See Exhibit 12 to Return of Writ.* Therefore, this Court is not persuaded that 28 U.S.C. §2244(d)(1)(B) applies so as to make this action timely.

Lastly, petitioner argues that his actual innocence justifies equitable tolling of the statute of limitations in this case. This argument likewise is unpersuasive. "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61. *See also Jurado v. Burt,* 337 F.3d 638, 642-43 (2003).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." ... *Id.* at 327, 115 S.Ct. 851.

14

> The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir.2005). While actual innocence may justify equitable tolling of the statute of limitations, *id.,* at 599, petitioner has failed to meet this standard here.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be dismissed as untimely. Petitioner's petition for a writ of mandamus, Doc. No. 8, which seeks a ruling on his habeas corpus petition, is **DENIED** as moot. Petitioner's request for an evidentiary hearing also is **DENIED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations

made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel  
United States Magistrate Judge